UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO.

MEAGHAN E. FALLAHEE,

      Plaintiff,

v.

THE YWCA OF TAMPA BAY FOUNDATION, INC.

      Defendant.
_____/

## COMPLAINT

Plaintiff, MEAGHAN E. FALLAHEE, through her undersigned attorney, files this Complaint against Defendant, THE YWCA OF TAMPA BAY FOUNDATION, INC. (hereafter "YWCA of Tampa Bay or "YWCA"), states and alleges as follows:

I.    JURISDICTION AND PARTIES

    (1)    This suit is brought and jurisdiction lies pursuant to section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

    (2)    All condition precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000E-5(F)(3), have occurred or been complied with.

        (a)    A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within

1

    180 days of the commission of the unlawful employment practice alleged herein.

  (b) A Notification of right to Sue was received from the EEOC on February 28, 2009.

  (c) This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

(3) Plaintiff, MEAGHAN E. FALLAHEE, is a citizen of the United States and the state of Florida who resides in Palm Harbor, Pinellas County, FL.

(4) All the discriminatory employment practices alleged herein were committed within the state of Florida.

(5) At all relevant times, Plaintiff has been and is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 U.S.C. §12102(2).

(6) Defendant, The YWCA of Tampa Bay is a Florida Corporation, with its office and principal place of business in Pinellas County, Florida

(7) The YWCA is a "person" within the meaning of §101(7) of the ADA 42 U.S.C. §12111(7), and §701(a) of Title VII of the Civil Rights Act of 1964 42 U.S.C §2000e(a)

(8) The YWCA is engaged in an "industry affecting commerce" within the meaning of Section 101(7) of the ADA,. 42 U.S.C.§12111(7) and Section 701(h) of the Civil Rights Act of 1964 42 U.S.C §2000e(h).

(9) The YWCA employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA,. 42 U.S.C.§12111(5)(A).

2

II     <u>STATEMENT OF FACTS</u>

(10) On October 25, 2007, Plaintiff was employed in a position as child care assistant with the YWCA.

(11) As part of the job application process through a job coach handling Plaintiff through a program called Assisted Employment Through Abilities, Plaintiff completed an employment application form and interviewed with the Director of the YWCA Safety Harbor Day Care facility.

(12) The YWCA informed Plaintiff that she met the qualifications for the position of a child care assistant and offered Plaintiff the position of child care assistant.

(13) Plaintiff accepted the YWCA offer of employment and started March 19, 2007.

(14) On October 25, 2007, Plaintiff was wrongfully accused of improper conduct with a child. On December 13, 2007 this accusation was deemed unfounded by of the Pinellas County Sheriff's Office.

(15) The YWCA has a specific written policy regarding the handling of accusations such as made against Plaintiff specifically

> In the event, there is an allegation that a YWCA employee or affiliate has abused a child; it is the policy of this agency to provide all relevant parties a formal procedure whereby an investigation can be conducted to ensure a just resolution.

(16) The YWCA did not conduct a "formal procedure" as outlined in their procedural manual as afforded non-disabled individuals.

(17) On October 25, 2007 Plaintiff was terminated.

III     <u>CLAIM FOR RELIEF</u>

3

(18)   Plaintiff reasserts and states the allegation contained in Paragraphs 1-17 above, the same as if they had been set forth in full herein.

(19)   Plaintiff is a "qualified individual with a disability" within the meaning of Section 101(8) of the ADA, 42 U.S.C §12111(8), in that Plaintiff is an individual with a disability who, with or without reasonable accommodation, can perform the essential function of the position of child care assistant with the YWCA.

(20)   The YWCA failed to follow its own established procedures and termination policy afforded non-disabled individuals and terminated Plaintiff because of her disability.

(21)   The YWCA's termination of Plaintiff's employment on the basis of her disability is a discriminatory action prohibited by Section 102(a) of the ADA, 42 U.S.C. §12112(a).

(22)   The YWCA's discriminatory conduct as to Plaintiff was taken with malice or reckless indifference to the federally protected right of Plaintiff.

(23)   Defendant's termination of Plaintiff's employment on the basis of her disability has caused, continues to cause, and will cause Plaintiff to suffer substantival damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

(24)   Defendant's termination of Plaintiff's employment on the basis of her disability has caused, continues to cause and will cause Plaintiff irreparable harm through her loss of such gainful employment and through her loss of the employment benefits, including group health insurance, that Plaintiff would have attained

through her continued employment with the YWCA.

(25) Pursuant to Section 107(a) of the ADA, which incorporates by reference Section 706 of the Civil Rights Act of 1964, and 42 U.S.C. §20003-5, Plaintiff is entitled to back pay from the date of her termination of employment.

(26) Pursuant to Section 107(a) of the ADA, which incorporates by reference Section 706 of the Civil Rights Act of 1964, and 42 U.S.C. §20003-5, Plaintiff is entitled to injunctive relief reinstating her to her position as an employee of the YWCA, with all previous benefits intact. Plaintiff also is entitled to injunctive relief enjoining the YWCA from engaging in any further prohibited discrimination against Plaintiff on the basis of her disability.

(27) Pursuant to 42 U.S.C. §1981A, Plaintiff is entitled to recover compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

(28) Pursuant to 42 U.S.C. §1981a, Plaintiff also is entitled to recover punitive damages from Defendant because the YWCA discriminated against Plaintiff with malice or with reckless indifference to the federally protected right of Plaintiff.

(29) Pursuant to Section 505 of the ADA, 42 U.S.C.§12205, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and the costs in this action.

IV. RELIEF REQUESTED

Plaintiff prays the Court to grant her the following relief:

(1) That Plaintiff have judgment against Defendant the YWCA for back pay and loss of employment benefits from the date of her termination of employment, plus interest as allowed by law until paid in full.

(2) That Plaintiff be granted injunctive relief reinstating her to her previous employment position with the YWCA and reinstating any benefits Plaintiff had attained through such gainful employment.

(3) That Defendant be permanently and forever enjoined from any further prohibited discrimination against Plaintiff.

(4) That Plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter.

(5) That Plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

(6) That Plaintiff be awarded reasonable attorney's fees, including litigation expenses, and costs.

(7) Such and other further relief as the Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 28, 2009                REPKA & JENNINGS, P.A.

*/s/ Thomas J. Jennings*

Thomas C. Jennings III
FBN 0607266  SPN  910798
711 Pinellas Street
Clearwater, Florida  33756-3426
E-mail: jennings@repkajennings.com
Tel: (727) 441-4550

6

C:\Documents and Settings\Ashley-\My Documents\Meaghan\Meg's Complaint.wpd